UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JINGYUAN LIU, )<br>              Plaintiff, )<br>v.                           )<br>                            )<br>MICHAEL CHERTOFF, )<br>              Defendant. ) | No. 1:07-cv-00555-SEB-WTL |

**Entry Granting in Part and Denying in Part
Defendant's Motion to Dismiss**

      This case arises out of plaintiff's application for adjustment of her immigration status. The defendant has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the *Federal Rules of Civil Procedure*. For the reasons that follow, the motion to dismiss is **granted in part and denied in part.**

**Factual Background**

      Plaintiff Jingyuan Liu ("Dr. Liu") is a resident of Indianapolis, and a postdoctoral fellow at the Indiana University School of Medicine in the Department of Medicinal and Molecular Genetics. Liu entered the United States as a graduate student in July 1998 to pursue her doctorate degree at the Indiana University, School of Medicine. In November 1999, Dr. Liu married Dr. Jian-Ting Zhang, who became a Naturalized American Citizen in 2002. Dr. Liu and her husband have two children, the first born in 2000 and the second in 2006.

      On April 29, 2004, Dr. Liu filed an I-485 application to adjust her status to that of a lawful permanent resident, pursuant to the Immigration and Naturalization Act ("INA"). 8 U.S.C. § 1153(b) (family-based category). She submitted her fingerprints to the Citizenship and Immigration Services Division ("CIS") on June 18, 2004, and was interviewed at the Indianapolis Local Office on March 3, 2005. She has been informed that the CIS has not completed her background check and, therefore, was unable to approve the petition. Her application has been pending for more than three years. She filed this action with the purpose of compelling Michael Chertoff, Secretary of the Department of Homeland Security (the "Secretary") to immediately process her application. She alleges that the Secretary, among others, has violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 551 et seq., by delaying unreasonably the adjudication of her adjustment of status application, and that she is entitled to a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel immediate adjudication of her application. She alleges that the CIS' arbitrary refusal to process her petition has harmed both her personal and professional life.

In support of his motion to dismiss, the Secretary has submitted affidavits from two individuals: (1) Donald P. Ferguson, the CIS Field Office Director in Indianapolis, Indiana; and (2) Michael A. Cannon, Section Chief of the National Name Check Program Section at the Headquarters of the Federal Bureau of Investigation ("FBI") in Washington, D.C. These affidavits outline the FBI Name Check Procedures, explain the cause of the backlog of Name Check Requests, and recite that the Name Check request for Dr. Liu was received by the FBI from CIS on or about May 19, 2004, and has not yet been completed.

Dr. Liu's "Response and Opposition to Reply in Support of Motion to Dismiss" or surreply (dkt. 24) has drawn an objection and motion to strike (dkt. 25) by the Secretary. The motion to strike Dr. Liu's surreply is **granted**. The reason for this ruling is that the surreply does not comply with Local Rule 7.1.

## Discussion

Dr. Liu contends that the Secretary's unreasonable delay in adjudicating her family-based Adjustment of Status Application (I-485) violates a duty owed to her and is subject to remediation through the Mandamus Act (28 U.S.C. § 1361) and the APA.[1] The Secretary asserts that the court should dismiss the complaint because Congress has divested the courts of subject matter jurisdiction over cases such as this. *See* 8 U.S.C. § 1252(a)(2)(B)(ii). Even in the absence of this jurisdictional bar, the Secretary argues that this court lacks subject matter jurisdiction over Dr. Liu's mandamus claim because (1) she cannot show that she has a clear right to immediate adjudication of her application for adjustment of status or (2) that the Secretary has a clear, ministerial duty to adjudicate the application within any particular time frame. *See* 28 U.S.C. § 1361. Finally, the Secretary contends that this court is precluded from reviewing Dr. Liu's APA claim because the APA exempts from judicial review actions that are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

These issues are a matter of first impression in this District and the court is unaware through the parties' briefings or its own research of any controlling precedent. However, after extensive review of the case law, the court adopts the well-reasoned decision issued by Judge Gaughan in *Shah v. Hanson*, 2007 WL 3232353 (N.D. Ohio Oct. 31, 2007). Applying the reasoning of *Shah* and other authorities as indicated to the facts of this case, the court makes the following rulings:

---

[1] The complaint mentions the United States Constitution as a basis for this court's jurisdiction. However, Dr. Liu does not point to a specific provision of the Constitution which has been violated, nor does she pursue this as a basis of jurisdiction in the briefing of this motion. Accordingly, any purported claims based on the United States Constitution are **dismissed.**

In addition, the complaint invokes the Declaratory Judgment Act (28 U.S.C. § 2201) as a basis for jurisdiction. Although not discussed by the parties, the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction. *See Shah v. Hanson*, 2007 WL 3232353, at *8 (N.D. Ohio Oct. 31, 2007) (citations omitted). However, the Declaratory Judgment Act does "provide[ ] courts with discretion to fashion a remedy." *Id.* Accordingly, the court will disregard the assertion of jurisdiction on this ground, while acknowledging that the Declaratory Judgment Act may be relevant as a basis for a remedy in this action.

1. **Section § 1252(a)(2)(B) of the INA does not divest the courts of subject matter jurisdiction over cases such as this.** Because the Secretary has not issued an order of removal with regard to Dr. Liu or denied her application, 8 U.S.C. § 1252(a)(2)(B) is inapplicable. *Shah*, 2007 WL 3232353, at *4 (citing cases); *see also, e.g., Paunescu v. INS,* 76 F. Supp. 2d 896 (N.D.Ill. 1999) (Section 1252(a)(2)(B) applies only to denials of relief; and, the failure to adjudicate an application is not a "judgment" as that term is used in Section 1252(a)(2)(B)(I)).

2. **The Secretary owes a clear, non-discretionary duty to adjudicate Dr. Liu's application for adjustment of status in a reasonable time. The action complained of is not committed to CIS' discretion by law.** *See* 5 U.S.C. § 701(a)(2); *Shah*, 2007 WL 3232353, at *5 (citing cases). "It is not disputed that Section 1255(a) grants the Attorney General (and, as a result, CIS) complete discretion over whether or not to grant an application for adjustment of status. However, nothing in the INA provides discretion over whether or not to act on the application." *Id.* Moreover, the APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). In the absence of a grant of discretion in the INA over whether or not the CIS must conclude adjudication of an application for adjustment of status, the court finds that the APA dictates that the CIS must conclude that adjudication within a reasonable period of time. *Id.*

3. **The claim asserted pursuant to the APA survives the motion to dismiss.** Dr. Liu seeks an adjustment of her immigration status to that of permanent legal resident. This step requires an FBI Name Check. The Secretary identifies a number of factors that may impede the timely resolution of a Name Check but does not assert that any of these factors have specifically affected the processing of Dr. Liu's Name Check. Rather, the Secretary contends that he does not have an obligation to act on the application within a certain period of time. Based on the current record, the court finds that it cannot determine as a matter of law that the delay has not been unreasonable under the APA. As to this argument, therefore, the motion to dismiss is **denied.**

4. **Dr. Liu is not entitled to mandamus relief.** District courts have mandamus jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus relief will be granted if the plaintiff can demonstrate that the three enumerated conditions are present: (1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.,* 301 F.3d 492, 499 (7th Cir. 2002) (citing *Scalise v. Thornburgh,* 891 F.2d 640, 648 (7th Cir. 1989)). As discussed above, the court finds that the Secretary does owe a clear, non-discretionary duty to adjudicate Dr. Liu's application in a reasonable time. However, because the court has already found that Dr. Liu may obtain relief via the APA, she has another adequate means of relief. Even when a petitioner's right to relief is sufficiently clear, a writ should not issue if an adequate alternative is available. *See Matter of Rhone-Poulenc Rorer Inc.,* 51 F.3d 1293, 1305 (7th Cir. 1995) (J. Rovner, dissenting); *Maloney v. Plunkett*, 854 F.2d 152, 154 (7th Cir. 1988) *In re American Airlines, Inc.,* 972 F.2d 605, 608 (5th Cir. 1992) ("unless [petitioner] demonstrates that it lacks an adequate alternative means to obtain relief, we need not consider whether its right to a writ of mandamus is 'clear and indisputable.'"), *cert. denied,*

507 U.S. 912 (1993)); *see also Gelfer v. Chertoff,* 2007 WL 902382, *3 (N.D. Cal. March 22, 2007) (declining to address existence or lack of mandamus jurisdiction due to availability of relief under APA). Accordingly, the court **grants the Secretary's motion to dismiss Dr. Liu's claim for mandamus relief.**

5. The Secretary also argues that the court cannot compel the FBI to complete its Name Check, because that action is committed to the FBI's discretion. While this may be true, *see Azadegan v. Chertoff*, 2007 WL 2822783, at *7 n.2 (E.D. Mich. Sep. 27, 2007), the court need not reach this issue, because it is sufficient to find that the CIS has a duty to adjudicate Dr. Liu's application in a reasonable time. Pursuant to that duty, it may be incumbent upon the CIS to ask the FBI to expedite Dr. Liu's Name Check or otherwise ensure that the FBI is acting within a reasonable time. *Shah*, 2007 WL 3232353, *5 n.3; *see also Tang v. Chertoff,* 493 F. Supp. 2d 148, 150 (D. Mass. 2007) ("The duty to act is no duty at all if the deadline is eternity"); *Kim v. Ashcroft,* 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004) ("the CIS simply does not possess unfettered discretion to relegate aliens to a state of 'limbo,' leaving them to languish there indefinitely").

## Conclusion

In summary, "[w]hile a federal court does not have the authority to make someone a citizen, it does have the power to require the Executive to carry out Congress' commands." *Iddir,* 301 F.3d at 500. That power is being exercised here, though with care not to encroach upon the legitimate exercise of agency discretion.

For the foregoing reasons, the Secretary's motion to dismiss for lack of subject matter jurisdiction under the APA and for failure to state a claim upon which relief can be granted as to the claim asserted pursuant to the APA is **DENIED.**

The Secretary's motion to dismiss the claim for mandamus relief is **GRANTED.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

The parties shall have through January 22, 2008, in which to complete discovery and through February 4, 2008, in which to file any further dispositive motion.

**IT IS SO ORDERED.**

Date: November 30, 2007

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jingyuan Liu
2443 Derek Dr.
Carmel, IN 46032

Margaret A. Schutte
United States Attorney's Office
margaret.schutte@usdoj.gov